UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BRANDON J. HOLLIMON,

    Plaintiff,

v.

KILILO KIJAKAZI, SSA-OFFICE OF THE
GENERAL COUNSEL,

    Defendants.

Case No. 2:24-cv-01609-EJY

**ORDER**

This action commenced when Plaintiff, proceeding *pro se*, submitted a Complaint on August 30, 2024 but did not file an application to proceed *in forma pauperis* ("IFP") or pay the required filing fee for a civil action. ECF No. 1-1. On September 3, 2024, the Court issued an Order giving Plaintiff through and including October 3, 2024 to file an IFP or pay the filing fee. ECF No. 4. The Court ordered the Clerk of Court to send Plaintiff the IFP application for a non-prisoner along with the information and instructions for filing the same. *Id.* The Court issued an Order dismissing this action in its entirety, without prejudice, after reviewing the docket showing no filing fee or IFP being filed as of October 4, 2024. ECF No. 5.

On October 7, 2024, the Court entered on the docket Plaintiff's IFP applications filed on September 23 and 25, and October 1, 3, and 5, 2024. ECF Nos. 6-10. The Court was unaware of these filings when it issued its October 4, 2024 Order. On October 8, 2024, the Court vacated its October 4, 2024 Order and instructed the Clerk of Court to reopen this case. ECF No. 11. The Court denied Plaintiff's four IFP applications finding the submissions did not establish IFP status, were over 100 pages each containing information and arguments unrelated to his financial condition, and were largely unrelated to Social Security benefits. *Id.* In the same Order, the Court gave Plaintiff through and including October 29, 2024 to file a complete non prisoner IFP application on the Court's form with no attachments or discussion of the merits of the case. *Id.* The Court explained that failure to comply would result in an Order closing the case in its entirety.

1        As of the date of this Order, Plaintiff has not filed a complete IFP application or otherwise

2   communicated with the Court.  A court may dismiss an action based on a party's failure to prosecute

3   an action or failure to obey a court order.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir.

4   1992).

5        Accordingly, IT IS HEREBY that this matter is DISMISSED in its entirety, without

6   prejudice, for failure to comply with the Court's Order.

7        IT IS FURTHER ORDERED that the Clerk of Court is ordered to close this case. No further

8   filings are to be accepted in this closed matter.

9        Dated this 4th day of November, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE